OPINION
{¶ 1} Defendant-appellant, Mike Rankin, appeals his conviction in the Clinton County Court of Common Pleas for rape of a child under the age of 13. We affirm appellant's conviction.
 {¶ 2} Appellant began dating Cynthia Roberts, now Cynthia McClanahan, in 1991. Later that year, appellant moved into McClanahan's home in Blanchester, Clinton County, Ohio, where McClanahan's three daughters also lived. At the time appellant moved into the home, McClanahan's daughters were ages one, three, and eight. Appellant assumed the role of "man of the house," a role that had been vacant since the death of McClanahan's first husband in a 1990 automobile accident. According to McClanahan and her daughters, appellant was physically and mentally abusive to them on a regular basis. Appellant continued to reside at McClanahan's home in Blanchester until 1997, when appellant's relationship with McClanahan ended.
 {¶ 3} In 2003, McClanahan's middle daughter, A.R., informed the Blanchester Police Department that she had been sexually abused by appellant while he lived in the home. In October 2003, appellant was indicted on six counts of rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b). In four of the six counts in the indictment, the state alleged that appellant purposely compelled the victim to submit by force or threat of force pursuant to R.C. 2907.02(B). The alleged victim in each count was A.R. All counts were first-degree felonies and allegedly took place between July 1, 1991 and June 30, 1996.
 {¶ 4} Appellant pled "not guilty" to all counts in the indictment. He soon filed a motion for a competency evaluation. By order of the court, Dr. Charles Lee of Forensic and Mental Health Services of Butler County evaluated appellant. The court then scheduled a competency hearing. Based on Dr. Lee's report and the parties' arguments at the hearing, the court found appellant competent to stand trial.
 {¶ 5} The common pleas court held a three-day jury trial in June 2004. Cynthia McClanahan, McClanahan's new husband, McClanahan's three daughters, a Blanchester police officer, and Alexis Krieger, formerly an investigator with Clinton County Children Services, testified for the state. At the conclusion of the state's case, the court dismissed five of the six rape counts in the indictment upon appellant's motion under Crim.R. 29. The remaining count included an allegation that appellant purposely compelled A.R. to submit by force or threat of force. As argued by the state, the allegation in the remaining count involved an act of fellatio. Appellant and Lezli Osterle-Henman, formerly a social worker for Clinton County Children Services, testified for the defense.
 {¶ 6} The jury convicted appellant of the remaining rape count. The common pleas court subsequently sentenced appellant to life in prison. Appellant now appeals his conviction, assigning six errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE APPELLANTS [SIC] RULE 29 MOTION TO DISMISS. THE STATE FAILED TO PROVE VENUE BEYOND A REASONABLE DOUBT."
 {¶ 9} In this assignment of error, appellant argues that the state failed to establish venue. According to appellant, the victim's testimony that the offense occurred "on the way [from her home in Blanchester, Clinton County] to the flea market" was insufficient to establish venue in Clinton County.
 {¶ 10} R.C. 2901.12 is Ohio's criminal venue statute. R.C. 2901.12(A) sets forth the general rule, stating that a trial in a criminal case shall be held "in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
 {¶ 11} The purpose of the venue requirement is to give the defendant the right to be tried in the vicinity of the alleged criminal activity, and to limit the state from indiscriminately seeking a favorable location for trial that might be an inconvenience or disadvantage to the defendant. See State v. Gentry (M.C. 1990), 61 Ohio Misc.2d 31, 34; Statev. Loucks (1971), 28 Ohio App.2d 77, 82. "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant."State v. Headley (1983), 6 Ohio St.3d 475, 477. "The standard of proof is beyond a reasonable doubt, although venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." Id.
 {¶ 12} The record shows that appellant failed to argue in the common pleas court that venue was lacking. This court has held that "[a] defendant waives the right to challenge venue when the issue is raised for the first time in the court of appeals." State v. Richardson-Byrd
(Apr. 5, 1999), Warren App. Nos. CA98-05-058 and CA98-06-065, 1999 WL 188091, *3. Accordingly, under Richardson-Byrd, appellant has waived all error but plain error. See, also, State v. Barr, 158 Ohio App.3d 86,2004-Ohio-3900, ¶ 11; State v. Gardner (1987), 42 Ohio App.3d 157,158.
 {¶ 13} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In finding plain error, a reviewing court must determine that: (1) there was error; (2) the error was "plain," meaning that there was an obvious defect in the trial proceedings; and (3) the error affected substantial rights, meaning that the error affected the outcome of the trial. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68.
 {¶ 14} Even if the above three prongs are met, a reviewing court is not obligated to reverse the lower court decision and correct the error. Id. Because Crim.R. 52(B) states that reviewing courts "may" correct plain error, the court has discretion in determining whether to correct such error. Barnes at 27. Courts should notice plain errors "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 15} R.C. 2901.12(H) addresses venue where an offender commits offenses in multiple jurisdictions as part of a course of criminal conduct. That section provides that "[w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." Under R.C. 2901.12(H), any of the following is prima facie evidence of a course of criminal conduct:
 {¶ 16} "(1) The offenses involved the same victim * * *.
 {¶ 17} "(2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.
 {¶ 18} "(3) The offenses were committed * * * in furtherance of the same purpose or objective.
 {¶ 19} "(4) * * *.
 {¶ 20} "(5) The offenses involved the same or a similar modus operandi.
 {¶ 21} "(6) * * *."
 {¶ 22} We do not find plain error or any error by the common pleas court with respect to venue. Even if the fellatio incident for which appellant was convicted occurred in a neighboring county, venue was nevertheless proper in Clinton County under R.C. 2901.12(H) based on the other rape counts for which appellant was simultaneously tried. See Statev. Bozso (Apr. 21, 2000), Hamilton App. No. C-990540, 2000 WL 429614, *3 (finding that venue was not proper where offense providing basis for venue under R.C. 2901.12[H] was dismissed prior to trial and before jeopardy attached).
 {¶ 23} With respect to the other rape counts, the state offered evidence at trial to prove that criminal conduct constituting rape occurred in Clinton County, as alleged in the indictment. A.R. testified that appellant touched her breasts and vagina "her whole childhood," and that, in addition to "on the way to the flea market," touching occurred "[a]t our house, in the bathroom, other rooms." A.R.'s testimony regarding sexual conduct at her Blanchester, Clinton County home was ultimately not sufficient to support another rape conviction. However, the other rape counts for which appellant was tried, together with A.R.'s testimony, were sufficient to establish a basis for venue in Clinton County under R.C. 2901.12(H). We note that the record contains ample evidence showing a course of criminal conduct. The offenses for which appellant was tried all involved the same victim, a similar modus operandi, and the same purpose (sexual gratification). Further, the offenses were alleged to have been committed by appellant in his capacity as the male authority figure of the household, compelling a minor household member to submit to his advances.
 {¶ 24} Accordingly, we find no plain error or any error by the common pleas court with respect to venue. We overrule appellant's first assignment of error.
 {¶ 25} Assignment of Error No. 2:
 {¶ 26} "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE APPELLANTS [SIC] RULE 29 MOTION TO DISMISS. THE STATE FAILED TO SHOW THAT THE OFFENSE OCCURRED PRIOR TO JULY 1, 1996 BEYOND A REASONABLE DOUBT."
 {¶ 27} In this assignment of error, appellant argues that the common pleas court erred in failing to grant appellant's Crim.R. 29 motion to dismiss. According to appellant, the court should have granted the motion because the state failed to prove that the rape offense occurred between July 1, 1991 and June 30, 1996, as alleged in the indictment. Appellant does not argue that the state failed to present sufficient evidence of the illegal sexual conduct, but only that the state failed to present sufficient evidence that the conduct took place within the time period alleged in the indictment.
 {¶ 28} A trial court is required to grant a motion for judgment of acquittal under Crim.R. 29 "if the evidence is insufficient to sustain a conviction" of the offense charged in the indictment. See Crim.R. 29(A). An appellate court reviews the denial of a Crim.R. 29 motion under the same standard used for reviewing a sufficiency of the evidence claim.State v. Thompson (1998), 127 Ohio App.3d 511, 525. If the evidence, when believed, would convince the average mind beyond a reasonable doubt of the defendant's guilt, such evidence is sufficient. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 29} The victim testified that the fellatio incident for which appellant was convicted occurred in 1993. Specifically, the victim testified as follows: "I'm positive that it was in '93 when I was six, in first grade." When asked by the prosecuting attorney why she was positive, the victim responded as follows: "Because I remember being in school at that time and having a teacher, Ms. Haynes."
 {¶ 30} We find that this particular testimony of the victim, if believed, would convince the average mind beyond a reasonable doubt that the offense took place between July 1, 1991 and June 30, 1996, as alleged in the indictment. Accordingly, we overrule appellant's second assignment of error.
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO INTRODUCE THE APPELLANTS [SIC] PRIOR PSYCHOLOGICAL HISTORY."
 {¶ 33} Assignment of Error No. 4:
 {¶ 34} "IT WAS REVERSABLE [SIC] ERROR FOR THE PSYCHOLOGICAL EVALUATOR TO FAIL TO OBTAIN THE APPELLANT'S PRIOR PSYCOLOGICAL [SIC] HISTORY PRIOR TO THE EVALUATION."
 {¶ 35} Because appellant's third and fourth assignments of error are closely related, we will address them together. In his third assignment of error, appellant argues that his trial counsel was ineffective for failing to introduce appellant's prior psychological history at the competency hearing. In his fourth assignment of error, appellant argues that it was error for Dr. Lee not to obtain appellant's prior psychological history prior to evaluating appellant's competency to stand trial.
 {¶ 36} In order to establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052. With respect to deficiency, appellant must show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. With respect to prejudice, appellant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694.
 {¶ 37} R.C. 2945.37(G) provides as follows:
 {¶ 38} "A defendant is presumed competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial[.]." (Emphasis added.)
 {¶ 39} As explained in R.C. 2945.37(G), the purpose of a competency hearing is to determine the defendant's present mental condition. Appellant's psychological history might have been helpful in determining appellant's mental condition at the time of the crime in 1993, and therefore in determining the viability of a not guilty by reason of insanity defense. See R.C. 2901.01(A)(14) (defining "not guilty by reason of insanity"); State v. Coombs (1985), 18 Ohio St.3d 123, 124. However, appellant's psychological history was not directly related to his present ability to understand the nature of the proceedings and to assist in his defense. Given the competency standard set forth in R.C. 2945.37(G), we do not find a reasonable probability that the result of the competency proceeding would have been different had appellant's trial counsel introduced evidence of appellant's psychological history. Therefore, appellant's ineffective assistance of counsel argument fails.
 {¶ 40} We also find no merit in appellant's argument that Dr. Lee's failure to obtain appellant's psychological history prior to making his competency determination constitutes reversible error. As stated above, appellant's psychological history was not directly related to his present mental condition, and was not essential to the determination of appellant's present ability to understand the nature of the proceedings and to assist in his defense. We also note that the record does not clearly show a failure by Dr. Lee to review appellant's psychological history prior to making his competency determination. While appellant asserts that Dr. Lee did not consider his psychological history, there is no support for that assertion in the record, largely because Dr. Lee's report is not a part of the record. Accordingly, because we find no error, we overrule appellant's third and fourth assignments of error.
 {¶ 41} Assignment of Error No. 5:
 {¶ 42} "THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE ADMISSION OF PRIOR BAD ACTS AND TESTIMONY IN REGARDS TO INCIDENTS NOT ON TRIAL IN THIS CASE."
 {¶ 43} In this assignment of error, appellant argues that the common pleas court violated Evid.R. 404(B) by admitting evidence of appellant's "prior bad acts." Specifically, appellant argues that the court should have excluded testimony regarding his physical and mental abuse of the victim's family members. Appellant also argues that the court should have excluded testimony regarding videotapes he made of the victim and her sister in various states of undress. According to appellant, the state introduced this testimony to prove appellant's character in order to show that he acted in conformity with that character.
 {¶ 44} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Issa, 93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See Barnes, 94 Ohio St.3d at 23.
 {¶ 45} Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith on a particular occasion. See Evid.R. 404(B); Statev. Curry (1975), 43 Ohio St.2d 66, 68-69. However, such evidence may be used for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B).
 {¶ 46} The jury convicted appellant of rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b). That section states as follows: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies: * * * (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person." The rape count for which appellant was convicted also alleged that appellant "purposely compelled A.R. to submit by force or threat or force" pursuant to R.C.2907.02(B).
 {¶ 47} In State v. Eskridge (1988), 38 Ohio St.3d 56, the Ohio Supreme Court recognized that the force in R.C. 2907.02(B) "need not be overt and physically brutal, but can be subtle and psychological." Id. at 58. The court stated that "[t]he force and violence necessary in rape is naturally a relative term, depending upon the age, size and strength of the parties and their relation to each other." Id. The court found nothing unreasonable about a finding that a child's will was overcome by fear and duress when an important figure of authority told the child to do something, and commanded the child not to tell anyone about it. Id. at 59. According to the court, "[a]s long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." Id.
 {¶ 48} Cynthia McClanahan and her three daughters testified at trial about appellant's violent and controlling behavior in the home. Cynthia McClanahan testified that appellant was physically and mentally abusive to her, and that sometimes the children were present during her physical confrontations with appellant. J.R., McClanahan's oldest daughter, testified that appellant struck her mother during fights, and that he would paddle A.R. and L.R. when they did not eat their food. J.R. testified that when children services came to the home, she did not reveal that appellant had caused bruises on L.R.'s bottom. According to J.R., she feared that appellant would find out what she said.
 {¶ 49} L.R. testified that when she did not eat her dinner or did not go to bed on time, appellant would strike her with a belt or his hand. L.R. also recalled an incident at her home in which appellant threw her mother against a tree and choked her during an argument. L.R. further testified that appellant would make her and A.R. take off their clothes and pose while he videotaped them. According to L.R., appellant would hit them or threaten to kill a family member if they did not comply. L.R. testified that she did not tell anyone about appellant's behavior at the time because she did not want to "get in trouble."
 {¶ 50} A.R. testified that appellant became angry easily, and would strike her and L.R. with his hand if they did not eat their dinner. A.R. testified that appellant once struck J.R. with a paintbrush. A.R. also testified that appellant made her take off her clothes and sit on an exercise machine while he videotaped her. Further, A.R. testified that, after the fellatio incident took place, appellant told her that he had a gun and would kill her mother if she told anyone.
 {¶ 51} Appellant objected to the testimony of McClanahan and her daughters about his alleged physical and mental abuse, and his alleged videotaping of L.R. and A.R. However, the common pleas court allowed the testimony, finding it applicable to show "force or threat of force" pursuant to R.C. 2907.02(B) and Eskridge. The common pleas court gave the jury a limiting instruction, advising the jury not to infer appellant's guilt of the rape count based on witnesses' testimony of appellant's past misconduct.
 {¶ 52} We find no abuse of discretion by the common pleas court in admitting the above testimony of McClanahan and her daughters. Their testimony was not inadmissible character evidence under Evid.R. 404(B), but was evidence properly used by the state to help prove that appellant compelled A.R. to engage in sexual conduct by "force or threat of force" pursuant to R.C. 2907.02(B). Their testimony showed that appellant was a controlling authority figure who regularly engaged in the physical and mental abuse of household members. Further, their testimony showed that appellant created fear in McClanahan's daughters to either comply with his demands or be physically harmed. The testimony of McClanahan and her daughters helped prove that when appellant told six-year-old A.R. to perform fellatio on him, A.R.'s will was overcome by fear of the consequences of refusing. Taking into account that the court issued a limiting instruction to the jury both at trial and in the jury instructions, we find no error. Accordingly, we overrule appellant's fifth assignment of error.
 {¶ 53} Assignment of Error No. 6:
 {¶ 54} "THE APPELLANTS [SIC] CONVICTION IS AGAINST THE WEIGHT OF THE EVIDENCE."
 {¶ 55} In this assignment of error, appellant argues that his conviction for rape was against the manifest weight of the evidence. He asserts that there are "only two pages of evidence that relates [sic] to the crime that Appellant has been accused of," and that those two pages cannot support a conviction.
 {¶ 56} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins,78 Ohio St.3d 380, 386-387, 1997-Ohio-52. The reviewing court must consider the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 57} A.R. testified that while she and appellant were on their way to the flea market, appellant placed gum on his penis and told her to get it off with her mouth. The prosecutor asked A.R., "How do you know he wanted you to get it off with your mouth?" A.R. responded: "he placed me there." A.R. testified that she got the gum off with her mouth. When asked why she did not immediately tell her mother about the incident, A.R. stated that appellant threatened to kill her mother and told her he had a gun. A.R. testified that she was positive that the incident occurred when she was six years old and in first grade.
 {¶ 58} Cynthia McClanahan testified that appellant often took A.R. to the flea market on Saturday mornings while she and the other girls stayed at home. J.R. also testified that appellant would take A.R. alone to the flea market.
 {¶ 59} Alexis Krieger, a former abuse and neglect investigator for Clinton County Children Services, testified about her interviews with appellant prior to his arrest. At the outset of her first meeting with appellant, she testified that appellant said he had been "waiting for this day for five years." She testified that appellant first brought up the subject of touching children. According to Krieger, appellant told her that he and A.R. had a "no touching" agreement when she was six years old. Krieger testified that appellant admitted to videotaping A.R. and L.R. in various states of undress in order to teach them what was wrong. Krieger testified that appellant described A.R. and L.R. as "sexually overt," and stated that they "acted out" sexually. According to Krieger, appellant denied ever touching the girls in a sexual manner.
 {¶ 60} The witnesses for the defense were appellant and Lezli Osterle-Henman, a social worker who investigated neglect and abuse at the Blanchester home in 1991. Osterle-Henman testified that no allegations of sexual abuse were referred to law enforcement officials.
 {¶ 61} Appellant testified that he never touched A.R. in a sexual manner. Appellant testified that he sometimes took A.R. to the Caesar's Creek flea market, but that she never had any contact with his penis. Appellant stated that he spanked A.R. and L.R. on occasion with a paint stirrer. According to appellant, he "flicked" J.R. once in the face with a paintbrush as a joke. Appellant denied videotaping A.R. and L.R. in various states of undress. According to appellant, A.R. and Alexis Krieger were lying. Appellant testified that he did have a "no touching" agreement with A.R. According to appellant, the agreement was that if a man talked to A.R. about "anything with her clothes off, any girl stuff," that she would tell him or another adult. Appellant testified that McClanahan told him she "would find some time to get even," and that he took "the best years of my life and all my money."
 {¶ 62} Following appellant's testimony, McClanahan and J.R. testified as rebuttal witnesses. J.R. testified that appellant slapped her in the face with the paintbrush, and that it was not playful. McClanahan testified that she did not have a plan to punish appellant by having rape charges brought against him.
 {¶ 63} After reviewing the entire record, we do not find that the jury clearly lost its way and created a miscarriage of justice. The testimony of A.R. and Alexis Krieger weighed heavily in favor of appellant's guilt. A.R.'s testimony regarding the offense, while brief, was sufficient to show that the illegal sexual conduct occurred. See R.C.2907.01(A) (defining "sexual conduct" to include fellatio). While appellant denied that the offense took place, his testimony clearly did not outweigh the testimony of A.R. The jury was simply entitled to believe A.R. and not appellant. With respect to the force element in R.C. 2907.02(B), we find ample evidence in the record indicating that appellant compelled A.R. to submit to the sexual conduct "by force or threat of force." The testimony of McClanahan and her daughters, outlined in the discussion of appellant's fifth assignment of error, showed that appellant created an environment of fear in the household, and that A.R. feared the consequences of not complying with appellant's requests. The fact that A.R. was six years old at the time of the offense further supports the jury's conclusion that her will was overcome by fear of adverse consequences. Because we do not find that appellant's conviction for rape was against the manifest weight of the evidence, we overrule appellant's sixth and final assignment of error.
 {¶ 64} Judgment affirmed.
Young and Bressler, JJ., concur.