[Cite as *State v. Deck*, 2021-Ohio-3145.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-10-066 |
| | : | O P I N I O N |
| - vs - | | 9/13/2021 |
| | : | |
| JAMES N. DECK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36468

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Timothy J. McKenna, 125 East Court Street, Suite 950, Cincinnati, Ohio, 45202, for appellant

**HENDRICKSON, J.**

{¶ 1} Appellant, James Deck, appeals a decision of the Warren County Court of Common Pleas finding him guilty of rape and sentencing him to life without parole in prison.

{¶ 2} A grand jury indicted Deck for one count of rape of a child under the age of 13 in violation of R.C.2907.02(A)(1)(b). The indictment further stated that the victim was under the age of 10 at the time of the offense and that Deck purposely compelled the victim to submit by force or threat of force. Deck waived his right to a jury trial and the case

proceeded to a bench trial.

{¶ 3} At trial, the victim testified that he lived with Deck when he was 8 or 9 years old. The victim described an incident in which Deck instructed him to go into the bedroom and anally raped him. The victim did not tell anyone about the rape until several years later. In his defense, Deck testified that the incident never happened and, through testimony and cross-examination, advanced a theory that the victim made up the incident to create a bond with a new friend.

{¶ 4} The trial court found Deck guilty as charged. At sentencing, the court indicated that by statute, it had no other sentencing option and sentenced Deck to life in prison without parole. Deck now appeals his conviction and sentence, raising four assignments of error for our review. His first and second assignments of error challenge the sufficiency and manifest weight of the evidence and will be discussed together.[1]

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT.

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio 52 (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10, (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would

---

1. We note that appellant's brief presents the first and second assignments of error and numbers them as such, argues them together, then presents third and fourth assignments of error which the brief numbers as second and third assignments of error. As there are four enumerated assignments of error in the brief, we have designated them as such in this opinion.

convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 8} A manifest weight of the evidence challenge, on the other hand, examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. "While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, 'these issues are primarily matters for the trier of fact to decide.'" *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26.

{¶ 9} An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins*, 78 Ohio St.3d at 387. Furthermore, although the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the

issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.

{¶ 10} As discussed above, Deck was charged with rape in violation of R.C. 2907.02(A)(1)(b). This section provides "No person shall engage in sexual conduct with another * * * when * * * the other person is less than thirteen years of age, whether or not the offender knows the age of the other person." The indictment also stated that Deck "purposely compelled the victim to submit by force or threat of force" and that the victim was less than 10 years old at the time of the offense.

{¶ 11} At trial, the victim testified that in 2015 when he was 8 or 9 years old, he, his mother, and his two sisters lived with Deck. The victim testified that his mother spent most of the time sleeping in her bed and Deck was responsible for disciplining the children. According to the victim, Deck acted like he was the children's dad and Deck would punish the victim when he did something wrong. As punishment, Deck would hit the victim with a belt, a studded belt or a wooden cane. The victim testified that one night, Deck told him to go to his room and he followed the command because he was afraid of Deck and what Deck would do if he didn't listen.

{¶ 12} Deck followed the victim into the room and told him to take off his clothes. Deck then either told the victim to get on the floor on his hands and knees or pushed him into that position. The victim testified that Deck then got on his knees, grabbed the victim's lower hips, put his penis into the victim's "butt" and went back and forth with his hips. The victim stated that it hurt, and he cried and told Deck to stop, but Deck shrugged it off. The victim stated the incident lasted ten minutes at most and then Deck got up, put on his clothes and told the victim not to tell anyone. The victim testified that he had a burning sensation in his "butt" and it hurt, and he went to sleep crying. He indicated that he didn't tell anyone because he was scared and his mother always took Deck's side.

{¶ 13} About three weeks later, the victim was hospitalized because of aggressive behavior, wetting the bed and alleged incidents of smearing feces on the wall. A children's services caseworker testified that during the hospitalization, bruising on the victim's body was noted and the children's services agency became involved. After an investigation, abuse and neglect was substantiated. All the children were removed from the home and the victim's paternal grandmother was granted custody. The case was eventually closed in 2017. The mother later regained custody of the children and the family moved to another state.

{¶ 14} After the move, the victim was talking to a neighbor, who indicated that she had been separated from her mother, and the victim indicated that he had been separated from his mother for a while as well. The two discussed how they had both been abused and how they coped with the abuse and separation from their mothers. The neighbor asked the victim if he had ever been sexually abused and the victim responded that he had. The victim's sister overheard the discussion and told the children's mother. The incident was then reported to the police and Deck was arrested and charged with rape.

{¶ 15} In his defense, Deck testified that the incident never happened and that he was blindsided by the allegations. He described several issues with the victim's story, including the fact that the children and their mother had to have been in the small apartment at the time and noises could be heard throughout because of echoes. On cross-examination, Deck's attorney questioned the victim about why he did not tell anyone, even after he felt safe. The defense also presented testimony from the children's services worker and verified that although the victim described physical abuse, he did not report any sexual abuse during the hospitalization or children's services investigation.

{¶ 16} Deck now argues that the evidence to support his conviction for rape was insufficient and against the manifest weight of the evidence for several reasons. First, he

argues that there was no showing of force or a threat of force.

{¶ 17} The element of "force" is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." However, the definition of "force" changes when the victim is a child, to account for the fact that adults can compel children to submit to sexual conduct by means of psychological coercion or use of authority over the child. *State v. Grant*, 12th Dist. Brown Nos. CA2014-03-005, and CA2014-03-006, 2015-Ohio-723, ¶ 20-23; *State v. Eskridge*, 38 Ohio St.3d 56 (1988); *State v. Dye*, 82 Ohio St.3d 323, 1998 Ohio 234 (1998). "The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other." *Eskridge* at paragraph one of the syllabus.

{¶ 18} When a child is a victim of a rape offense, the "force" requirement "need not be overt and physically brutal, but can be subtle and psychological." *Id. at 58-59; State v. Grant*, 12th Dist. Brown Nos. CA2014-03-005, CA2014-03-006, 2015-Ohio-723, ¶ 20-23; *State v. Rankin*, 12th Dist. Clinton No. CA2004-06-015, 2005-Ohio-6165, ¶ 47. "A child's will can be overcome by fear and duress when an important figure of authority tells the child to do something, and commands the child not to tell anyone about it." *Grant* at ¶ 23. "When the state proves that the child's will was overcome by fear or duress, the forcible element of rape is established." *Id.*

{¶ 19} In this case, the victim testified that Deck was responsible for disciplining him, acted like he was the victim's father and would punish him when he did something wrong. The victim described the type of physical punishment inflicted by Deck and stated that on the night of the rape, he followed Deck's commands because he was afraid of Deck and what Deck would do if he didn't listen. This evidence establishes the force element.

{¶ 20} In these assignments of error, Deck also presents several factual arguments,

including an argument that the victim's story lacked specificity regarding the time of the offense and was not corroborated in any way. He also argues the allegation came out after five years, and only when talking to a girl, and the situation "snowballed" and then the victim couldn't retract it. He further argues there were no statements to professionals or family, no physical evidence, it is impossible that no one heard the offense taking place, and the victim gave inconsistent descriptions.

{¶ 21} However, inconsistencies in the evidence alone do not mean that a decision is against the manifest weight of the evidence. *State v. McMullen,* Butler App. No. CA2005-09-414, 2006 Ohio 4557, ¶ 31. When there is a conflict in the testimony of witnesses, it is for the trier of fact to determine the weight and credibility to be given to such evidence. *State v. Marcum*, 12th Dist. Butler No. CA2017-05-057, 2018-Ohio-1009, ¶ 31, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. It is within the province of the trier of fact to consider any inconsistencies in the testimony and resolve them accordingly, believing all, part, or none of each witness's testimony." *State v. Robinson*, 12th Dist. Butler No. CA2018-08-163, 2019-Ohio-3144, ¶ 29; *State v. Lark*, 12th Dist. Fayette No. CA2018-03-004, 2018-Ohio-4940, ¶ 29.

{¶ 22} The trial court heard all the testimony, including all of the inconsistencies and issues Deck now raises. As the trier of fact, the court resolved these inconsistencies and found Deck was guilty of rape. After reviewing the record and the issues involved in this assignment of error, we find the court's determination was not against the manifest weight of the evidence, and was therefore supported by sufficient evidence. Deck's first and second assignments of error are overruled.

{¶ 23} THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶ 24} In his third assignment of error, Deck contends that trial counsel was ineffective for failing to engage an independent expert to establish the lack of reliability in late-disclosed sexual abuse.

{¶ 25} To prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St. 3d 378, 389, 2000-Ohio-448 (2000).

{¶ 26} It is well established that the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 66; *State v. Fuell*, 12th Dist. Clermont No. CA2020-02-008, 2021-Ohio-1627, ¶ 53.

{¶ 27} Deck argues that an expert was necessary to establish that the victim's disclosure several years after the event was unreliable. He argues a defense expert "could have discredited the state's theory that 'victims of sexual abuse don't tell until they tell'" and "could have cast doubt on the veracity, or at least the reliability" of the delayed allegations.

{¶ 28} However, Deck's argument that a defense expert was necessary to impeach the victim's testimony is purely speculative. He fails to identify the expert witness who should have been called or what the expert would have said. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 66. Moreover, this court has no way of knowing exactly how an expert would testify given the facts of this case or whether an expert would have

presented favorable testimony for Deck. Without this knowledge, there is no way to determine if the expert testimony would be helpful to Deck's defense. In addition, there is also the possibility that the testimony, or cross-examination of an expert on delayed disclosure of sexual abuse, could have been damaging to Deck's defense.

Accordingly, we find trial counsel was not ineffective for failing to call an expert witness on the unreliability of delayed disclosure of sexual abuse. Deck's third assignment of error is overruled.

{¶ 29} THE TRIAL COURT INCORRECTLY APPLIED THE RAPE SENTENCING SCHEME.

{¶ 30} In his final assignment of error, Deck argues that the trial court erred in sentencing him to life in prison without the possibility of parole. He contends that the trial court used the wrong statutory provision in sentencing him, determining that it did not have discretion in the sentence imposed.

{¶ 31} An appellate court reviews an imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100,

2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 32} At sentencing, the trial court stated, "Mr. Deck, *by statute*, the Court has no discretion in your sentence in this case." (Emphasis added.) The court's sentencing entry states that the sentence is pursuant to R.C. 2971.03(A)(2) which mandates a sentence of life without parole when, in addition to other requirements, the victim is under the age of ten and force was used.

{¶ 33} R.C. 2971.03(A)(2) addresses sentencing pursuant to a sexually violent predator ("SVP") specification. Deck argues this section does not apply because the court did not specifically determine that the victim was under the age of 10 and because the court did not specifically find he was a sexually violent predator.

{¶ 34} After the bench trial, the court stated:

> Based on the evidence that's been presented, the Court finds that the state has proven beyond a reasonable doubt that [Deck] did engage in sexual conduct with [the victim], who was not his spouse, and that [the victim] was less than 13 years of age at the time of the offense. The court further finds that [Deck] purposely compelled [the victim] to submit by force or threat of force. Therefore, as to count 1, the Court finds the defendant guilty as he stands charged in the indictment.

{¶ 35} Although the determination that the victim was under the age of ten was not stated specifically on the record, as discussed above, the court found Deck guilty of rape "as charged in the indictment." The indictment specifically stated that the victim was under the age of 10. Although stating the finding specifically on the record after trial would have been preferable, this was a bench trial and the court and parties were all aware of the

charges in the indictment. See *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224 (jury verdict form stating defendant was guilty "as charged in the indictment" was sufficient to establish aggravating element).

{¶ 36} Moreover, in the judgment entry of conviction, the court specifically stated a finding that the victim was under the age of ten. Given that this was a bench trial, the judgment entry was the functional equivalent of a jury form. See *State v. Sims*, 8th Dist. Cuyahoga No. 89261, 2007-Ohio-6821; see also *State v. Sims*, 1st Dist. Hamilton Nos. C-150252, and C-150253, 2015-Ohio-4996 (safeguards necessary for a jury trial not necessary in a bench trial where court is aware of charge in the indictment). Therefore, there was a sufficient determination that the victim was under the age of 10 based on the court's statement that it found Deck guilty "as charged in the indictment" and the specific finding in the judgment entry.

{¶ 37} However, although the court's determination that the victim was under the age of ten was sufficient, the SVP statute is inapplicable in this case. First, R.C. 2971.03(A) by its terms only applies to an offender who was convicted of a sexually violent predator specification included in the indictment. *State v. Bowers*, Hamilton No. C-150024, 2016-Ohio-904, ¶ 41. No SVP specification was included in the indictment in this case. In addition, the SVP statute requires not only a determination that the offender has been convicted of a sexually violent offense, but also a determination that the defendant "is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(1). The trial court did not make this determination. Factors for making this determination are found in R.C. 2971.01(H)(2), none of which appear to apply in this case.[2]

---

2 The factors include multiple sexually oriented offenses, sexually deviant behavior, chronic offenses with sexual motivation, torture/ritualistic acts in offense, or physical harm to the degree the victim's life was in jeopardy.

{¶ 38} R.C. 2907.02(B) discusses sentencing for a conviction of rape. It provides that a defendant convicted of rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b) shall be sentenced pursuant to the standards in R.C. 2971.03. In addition, this section provides a discretionary option for sentencing a defendant to life without parole under certain circumstances, such as when the victim is under the age of ten years old. This option is clearly discretionary, as the statute states "the court may impose" life without parole.

{¶ 39} If a court does not choose the discretionary option of life without parole pursuant to R.C. 2907.02(B), and the SVP section does not apply, R.C. 2971.03(B)(1) provides three sentencing options for a conviction of rape of a child under the age of 13. *State v. Bowers*, 163 Ohio St.3d 28, 2020-Ohio-5167, ¶ 4-5; *State v. Johnson*, 8th Dist. Cuyahoga No. 109127, 2020-Ohio-2947, ¶ 10-12. Without additional findings, the sentence is ten years to life. R.C. 2971.03(B)(1)(a). If the victim was under the age of ten, the sentence is 15 years to life. R.C. 2971.03(B)(1)(b). If force was used in the rape offense, if the offender has a previous conviction or if there was serious physical harm, the sentence is 25 years to life. R.C. 2971.03(B)(1)(c).

{¶ 40} Therefore, the trial court erred in sentencing Deck pursuant to a Revised Code section that did not apply and that mandated a term of life without parole. Although life without parole is a sentencing option pursuant to R.C. 2907.02(B), this section is discretionary and the court erred when it stated that by statute, it had no choice other than to sentence Deck to life in prison without parole.

{¶ 41} Sentencing errors based on mistaken beliefs by a trial court that it was required or could not consider specific sentences have regularly been reversed. *See e.g. State v. Sutton*, 2008-Ohio-5839 (although consecutive sentence authorized, court mistakenly believed they were required and did not consider the issue); *State v. Damron*,

129 Ohio St.3d 86, 2011-Ohio-2268 (even though sentence fell within statutory range, case was remanded because trial court applied erroneous legal reasoning that removed a sentencing option from consideration); *State v. Sawyer*, 11th Dist. Portage No, 2011-P-0003, 2012-Ohio-5119, (erroneous imposition of mandatory prison term was plain error); *State v. Rivera*, 10th Dist. Franklin No. 10AP-945, 2012-Ohio-1915 (case reversed where trial court erroneously believed it could not impose consecutive sentences); *State v. Allen*, Franklin Nos. 11AP-640, 11AP-641, and 11AP-642, 2012-Ohio-2986 (reversal because trial court mistakenly believed consecutive sentences required, even though state argued plain error and that resulting sentence was authorized by law); *State v. Bowers*, 2016-Ohio-904 (court mistakenly applied sexually violent predator specification).

{¶ 42} Therefore, we find the court erred when it sentenced Deck to life without parole pursuant to R.C. 2971.03(A) and sustain Deck's fourth assignment of error. The sentence is hereby vacated and the case is remanded to the trial court for the sole purpose of resentencing. In all other respects, the trial court's judgment is affirmed.

{¶ 43} Judgment affirmed in part, reversed in part and remanded.

PIPER, P.J., and S. POWELL, J., concur.