[Cite as *State v. Cephas*, 2021-Ohio-4356.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO/CITY OF HAMILTON, | : | |
| Appellee, | : | CASE NO. CA2021-05-051 |
| | : | O P I N I O N |
| - vs - | | 12/13/2021 |
| | : | |
| TEKOIA R. CEPHAS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 20CRB03188-A

Laura R. Gibson, City of Hamilton Prosecuting Attorney, for appellee.

Christopher Paul Frederick, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Tekoia Cephas, appeals from her conviction in the Hamilton Municipal Court for violating a civil stalking protection order ("CSPO"). For the reasons outlined below, we affirm.

{¶ 2} In 2020, Cephas and Chikira Abrams lived as neighbors in Hamilton

townhouses directly across the street from one another. Following a breakdown in their relationship, Cephas and Abrams agreed to joint orders of protection for a period of five years. The Butler County Court of Common Pleas issued the CSPO against Cephas on March 5, 2020.

{¶ 3} On August 19, 2020, Cephas was arrested and charged with one count of violating a protection order in violation of R.C. 2919.27. The matter proceeded to a bench trial. Abrams testified that on the afternoon of July 29, 2020, she pulled into the apartment complex on her way home from work. As she did so, Cephas charged her vehicle at Abrams's vehicle and would have hit her had Abrams not been able to swerve. When Abrams proceeded to the rental office of the apartment complex to report the behavior, Cephas again charged her with her vehicle. Abrams's mother testified that she witnessed the initial encounter, and Dustin Booth, a Spectrum contractor who was at the rental office at the time, testified that he witnessed the second encounter. All three noted that Cephas was driving a white vehicle.

{¶ 4} Cephas denied this incident occurred, and instead accused Abrams of similar conduct targeted against Cephas. In her defense, she called two neighbors from the apartment complex and her minor daughter. Neither neighbor witnessed the incident, though Cephas's daughter recalled that it had occurred as Cephas drove her to work. All three testified that while Cephas owned a white vehicle, it was broken down and inoperable at the time of the incident. Cephas's daughter further testified that the white vehicle was inoperable until October, which she recalled was also the time that she began her first job.

{¶ 5} Cephas was convicted and sentenced to 180 days in the Butler County Jail, 155 of which were suspended, with Cephas placed on probation for two years. Cephas now appeals from her conviction, raising one assignment of error for review.

{¶ 6} Assignment of Error:

- 2 -

{¶ 7} MS. CEPHAS' CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} In her sole assignment of error, Cephas argues that her conviction for violating a protection order was against the manifest weight of the evidence. We disagree.

{¶ 9} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Miller*, 12th Dist. Preble No. CA2019-11-010, 2021-Ohio-162, ¶ 13.

{¶ 10} "While a manifest weight of the evidence review requires this court to evaluate credibility, the determination of witness credibility is primarily for the trier of fact to decide." *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 19. "A verdict can be against the manifest weight of the evidence even though legally sufficient evidence supports it." *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, ¶ 140. "When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt." *State v. Tranovich*, 12th Dist. Butler No. CA2008-09-242, 2009-Ohio-2338, ¶ 7. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Ostermeyer*, 12th Dist. Fayette No. CA2021-01-002,

2021-Ohio-4116, ¶ 35.

{¶ 11} Cephas was convicted of violating the CSPO in violation of R.C. 2919.27(A)(2). Pursuant to that statute, "[n]o person shall recklessly violate the terms of * * * [a] protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code[.]" R.C. 2919.27(A)(2). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or to be of a certain nature." R.C. 2901.22(C). Furthermore, "[a] person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." *Id.*

{¶ 12} It is undisputed that the CSPO in this case was issued pursuant to R.C. 2903.214 and prohibited Cephas from initiating or having contact with Abrams. The CSPO orders that Cephas "be restrained from committing acts of abuse or threats of abuse" against Abrams. It further directs that Cephas "not be present within 100 feet" of Abrams, and expressly "includes encounters on public and private roads." The trial court found that Cephas's conduct in using her vehicle to charge Abrams constituted a reckless violation of the CSPO. We agree.

{¶ 13} Cephas challenges the trial court's decision on the basis of three issues, all related to witness testimony: inconsistencies, credibility, and conflicts. We therefore begin our analysis by noting that "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." (Citation omitted.) *State v. Goodwin*, 12th Dist. Butler No. CA2016-05-099, 2017-Ohio-2712, ¶ 34. "[I]t is well-established that determinations regarding witness credibility, conflicting testimony, and the weight to be given such evidence are primarily for the trier of fact." *State v. K.W.*, 12th Dist. Warren No. CA2016-

01-004, 2016-Ohio-7365, ¶ 26. The trial court, as the trier of fact, is free to believe all, part, or none of the testimony of any witness who appears before it. *McBride v. McBride*, 12th Dist. Butler No. CA2011-03-061, 2012-Ohio-2146, ¶ 19.

{¶ 14} Cephas argues that inconsistencies in the state's witnesses' testimony regarding the color of the vehicle and precise location of the incident within the apartment complex parking lot undermine their credibility. However, the trial court "take[s] note of any inconsistencies in the witness' testimony and resolve[s] them accordingly, believing all, part, or none of each witness's testimony." *State v. Schils*, 12th Dist. Clermont No. CA2019-08-067, 2020-Ohio-2883, ¶ 18. "[I]nconsistencies in the evidence alone do not mean that a decision is against the manifest weight of the evidence." *State v. Deck*, 12th Dist. Warren No. CA2020-10-066, 2021-Ohio-3145, ¶ 21; *see also McBride* at ¶ 21 ("[T]estimonial inconsistencies generally do not render decisions against the manifest weight of the evidence"). Consequently, the trial court did not err in choosing to believe Abrams's testimony in spite of its inconsistency with the testimony of some of the other witnesses, including Cephas's witnesses. Cephas also ignores the inconsistency of her own daughter's testimony regarding the incident.

{¶ 15} Cephas further argues that Abrams was not a credible witness. However, we again note that "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." (Citation omitted.) *State v. Goodwin*, 12th Dist. Butler No. CA2016-05-099, 2017-Ohio-2712, ¶ 34. The trial court cited the presence of Booth as "an independent witness" as bolstering Abrams's credibility. Further, the trial court cited Cephas's daughter's testimony as verifying Abrams's testimony and further bolstering her credibility. In finding Cephas guilty of violating a protection order, the trial court was entitled to discredit Cephas's testimony and believe Abrams's testimony.

{¶ 16} Finally, Cephas argues that the presence of conflicting evidence presented by other witnesses means that Abrams's testimony was unreliable. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17; *see also State v. Jackson*, 12th Dist. Butler No. CA2001-10-239, 2002-Ohio-4705, ¶ 48 ("A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact"). "'In a bench trial, the trial court acts as the factfinder and determines both the credibility of the witnesses and the weight of the evidence.'" *Hensley*, 2021-Ohio-3702, at ¶ 29, quoting *State v. Lowry*, 12th Dist. Warren Nos. CA2019-07-070 and CA2019-07-071, 2020-Ohio-1554, ¶ 19. Here, the trial court, as factfinder, determined that Abrams was credible, and Cephas was not.

{¶ 17} In making its decision which witnesses to believe and which to disbelieve, the trial court did not lose its way or create a manifest miscarriage of justice. After reviewing the record, weighing inferences, and examining the credibility of the witnesses, we find that Cephas's conviction for violating a protection order is not against the manifest weight of the evidence. As such, Cephas's assignment of error is without merit and therefore overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.