[Cite as *State v. Stevens*, 2025-Ohio-4405.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-02-007 |
| | : | OPINION AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 9/22/2025 |
| ANTHONY E. STEVENS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No.CRB2400928 A-D


Sarah C. McMahon, Chief Prosecutor, City of Wilmington, for appellee.

Colin P. Cochran, for appellant.


## **O P I N I O N**


**SIEBERT, J.**

{¶ 1} Appellant, Anthony Stevens, appeals his domestic violence conviction in the Clinton County Municipal Court. While Stevens argues that his conviction was against the manifest weight of the evidence, the record reveals that the State presented more than

sufficient evidence to find him guilty of the offense and his conviction was not against the manifest weight of the evidence.[1] Accordingly, we affirm Stevens' conviction.[2]

## I. Factual Background

{¶ 2}  Stevens, accompanied by his ex-girlfriend and their two children, visited his mother at her home. The relationship between Stevens and his mother had become increasingly strained over the past year. During the visit, Stevens and his mother got into an argument that escalated into a physical confrontation. Stevens' mother testified that he backed her into a bedroom, screamed at her, slapped the phone she was holding, and threatened to "send [her] to heaven today." The confrontation ultimately ended when Stevens' ex-girlfriend intervened.

{¶ 3}  Following the altercation, Stevens' mother contacted the police. Stevens was subsequently charged with domestic violence. The case proceeded to a bench trial, during which the State presented testimony from Stevens' mother and a responding police officer. The trial court found Stevens guilty. Stevens now appeals, raising one assignment of error for review.

## II. Law and Analysis

{¶ 4}  In his sole assignment of error, Stevens argues that his conviction for domestic violence is against the manifest weight of the evidence. He concedes that his actions and words may appear threatening to outsiders unfamiliar with his family dynamics but contends that such confrontations were routine within his household. Stevens suggests that his mother was not genuinely in fear of imminent physical harm

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

2. Stevens appeals only his conviction for domestic violence. However, we note that he was also convicted of additional offenses, including resisting arrest, obstructing official business, and criminal mischief.

and speculates that her decision to contact law enforcement may have stemmed from a separate dispute involving a will.

{¶ 5} Stevens further asserts that the evidence does not support a finding that he acted "knowingly," as required by the statute. He points to the frequency of his disagreements with his mother and claims she was traditionally "unphased" by his threats or behavior. Therefore, he argues, she would not have perceived herself to be at risk of imminent physical harm.

{¶ 6} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 2012-Ohio-2372, ¶ 14 (12th Dist.). In making this determination, a "reviewing court must examine the entire record, weigh all of the evidence and reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Cephas*, 2021-Ohio-4356, ¶ 9 (12th Dist.).

{¶ 7} Stevens was convicted of domestic violence in violation of R.C. 2919.25(C), which provides that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." A person acts knowingly when, regardless of purpose, "'the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.'" *State v. McLaughlin*, 2020-Ohio-969, ¶ 22 (12th Dist.), quoting R.C. 2901.22(B). Moreover, to prove a violation under the statute, the State must show that the victim believed the offender would cause imminent physical harm at the time of the incident. *State v. Hart*, 2009-Ohio-997, ¶ 21 (12th Dist.).

{¶ 8}   At trial, Stevens' mother testified that Stevens came after her, threatened her, and screamed that he was going to hurt her. She stated that he backed her into a bedroom, struck the phone she was holding, and told her he would "send [her] to heaven today." She further testified that she was frightened and that Stevens' behavior was uncharacteristic, describing him as "really angry" and saying "It wasn't even [like] him." Most notably, she testified "I thought he was going to really hurt me."

{¶ 9}   On appeal, Stevens challenges the trial court's findings, arguing that his conviction was against the manifest weight of the evidence. However, the trier of fact is in the best position to evaluate the evidence and assess witness credibility. *State v. Salinger*, 2015-Ohio-2821, ¶ 20 (12th Dist.). Here, the record shows the trial court afforded great weight and credibility to the testimony of Stevens' mother that she believed Stevens would cause her imminent physical harm. In doing so, the trial court properly acted as the trier of fact.

{¶ 10} Upon review, we find that the State presented sufficient evidence to prove each element of the offense beyond a reasonable doubt. The record supports the trial court's conclusion that Stevens knowingly caused his mother, a family member, to believe that he would cause her imminent physical harm. Stevens' conviction was not against the manifest weight of the evidence. Accordingly, his sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clinton County Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge