DECISION AND JUDGMENT ENTRY
This is an appeal from a Jackson County Municipal Court judgment of conviction and sentence. The court found Scotty W. Adams, defendant below and appellant herein, guilty of domestic violence, in violation of Jackson City Ordinance 537.14(c). Appellant raises the following assignment of error:
 "THE COURT ERRED IN FINDING MR. ADAMS GUILTY OF DOMESTIC VIOLENCE BY MENACING BECAUSE THE CITY OF JACKSON FAILED TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT."
Our review of the record reveals the following facts pertinent to the instant appeal. On December 28, 2000, Holly DiMatteo, appellant's former wife, and her daughter drove to the Handi Mart located in Jackson. DiMatteo and appellant had scheduled to meet at the Handi Mart to exchange custody of their daughter.
After appellant had secured his daughter in his vehicle, DiMatteo entered the Handy Mart to purchase cigarettes. When she returned to her vehicle, appellant was still present. DiMatteo stated that appellant opened her passenger door and talked to her in an angry manner. DiMatteo told appellant to move, but he refused. She claimed that appellant told her that he would kill her before she got custody of the parties' child. DiMatteo stated that appellant cursed at her and punched himself in the head. DiMatteo explained that appellant was "very angry." After DiMatteo moved her vehicle, she drove to the police station and filed a complaint.
On January 16, 2001, the trial court held a bench trial.[1] At the trial, DiMatteo testified that she did not interpret appellant's threat to mean that he would kill her then and there, but that appellant's violent conduct in punching himself in the head led her to believe that she was in danger of imminent physical harm. She stated that she went to the police station because she felt that she was in danger of imminent physical harm. Appellant, on the other hand, denied threatening to kill DiMatteo and denied that he hit himself in the head. At the conclusion of the evidence, the trial court found appellant guilty of domestic violence. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by convicting him of domestic violence. Appellant asserts that the city failed to prove beyond a reasonable doubt that appellant knowingly caused the victim to believe that he would cause the victim imminent physical harm. Appellant contends that the only evidence that arguably supports the element of imminent physical harm is appellant's alleged threat to kill the victim. Appellant claims, however, that his alleged threat was conditioned upon the victim attempting to obtain custody of the parties' child. Appellant argues that the threat, if believed to have been made, was conditional and thus, as a matter of law, does not satisfy the element of imminent physical harm. Appellant further asserts that any threat he made did not threaten imminent "serious physical harm." Appellant also disputes the trial court's finding that the victim exhibited her fear by going to the police station. Appellant contends that other reasons exist to explain the victim's conduct in going to the police station, including her motivation to cause appellant problems.
Although appellant does not characterize his assignment of error as a sufficiency of the evidence argument or a manifest weight of the evidence argument, we will review appellant's assignment of error under both standards. When we consider a claim regarding the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating that "sufficiency is the test of adequacy"); State v. Jenks (1991),61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks,61 Ohio St.3d at 273, 574 N.E.2d at 503. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring).
When considering an appellant's claim that the conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, weigh the evidence and consider the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79,80, 434 N.E.2d 1356, 1357; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Once a reviewing court has finished its examination, the court may reverse a judgment of conviction if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d at 547 (quoting State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-21). If, however, the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as against the manifest weight of the evidence. State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus.
After our review of the record in the case sub judice, we find sufficient evidence to support the trial court's conclusion. The record contains substantial evidence from which the trier of fact reasonably could have concluded, beyond a reasonable doubt, that the city established the essential elements of the offense. We do not believe that the trier of fact clearly lost its way and committed a manifest miscarriage of justice.
In the case at bar, the trial court found appellant guilty of domestic violence, in violation of Jackson City Ordinance 537.14(C). The ordinance provides: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." The city ordinance is identical to R.C. 2919.25(C).[2] Appellant focuses on the "imminent physical harm" element. We agree with appellant that generally, a conditional threat, standing alone, is insufficient to satisfy the imminent physical harm element. See State v. Collie (1996),108 Ohio App.3d 580, 671 N.E.2d 338. A conditional threat coupled with other circumstances, however, may sufficiently establish the imminent physical harm requirement. See State v. Drake (1999), 135 Ohio App.3d 507,510, 734 N.E.2d 865, 868 (in determining whether a conditional threat satisfies the imminent physical harm element, a court may consider the totality of the circumstances surrounding the threat); Cincinnati v.Baarlaer (1996), 115 Ohio App.3d 521, 527, 685 N.E.2d 836, 840 (a defendant's threat coupled with the physical act of pushing the victim against the wall sufficient evidence of imminent physical harm); Collie
(stating that specific acts of violence coupled with conditional threat sufficient to support R.C. 2919.29(C)).
In Collie, for example, the defendant stated, "If I had a gun, I would shoot you." No other physical acts of violence accompanied the threat. The victim testified that the defendant did not own a gun. Under the foregoing circumstances, the Collie court determined that reasonable minds could conclude only that the accused lacked immediate means by which to carry out the threat. The Collie court further recognized, however, that if the state had presented evidence of the defendant's past violent behavior, the defendant's conditional threat "probably" would have been sufficient evidence to satisfy the imminent physical harm requirement.
Unlike Collie, in the case at bar evidence other than appellant's conditional threat exists to support the imminent physical harm requirement. Appellant not only threatened to kill the victim if the victim tried to gain custody of the parties' child, but appellant also engaged in violent behavior while threatening the victim. The victim testified that appellant knelt beside her passenger door and hit himself about the head. She further testified that appellant was "very angry." The victim also explained that in the past, appellant has threatened to kill her. The victim stated that the above circumstances, especially appellant's conduct in hitting himself, led her to fear that she was in danger of imminent physical harm. We believe that the combination of the foregoing evidence is sufficient to support a finding that appellant caused the victim to believe that she was in danger of imminent physical harm.
Moreover, we disagree with appellant that the city ordinance required the state to prove that the victim was feared imminent "serious physical harm." The ordinance contains no requirement that the physical harm be serious.
Appellant's argument that the trial court erred by finding that the victim exhibited her fear by going to the police station is without merit. In determining whether the defendant caused the victim to believe that the defendant would cause the victim imminent physical harm, the victim's state of mind is relevant. See Hamilton v. Cameron (1997),121 Ohio App.3d 445, 700 N.E.2d 336; State v. Sayres (Mar. 26, 1997), Washington App. No. 95CA30, unreported. The victim stated that she believed that she would suffer imminent physical harm and that because of her fear, she went to the police station. Her testimony, if believed, sufficiently demonstrates her belief that physical harm was imminent. If other reasons exist to explain her conduct, the fact finder, not an appellate court, is entitled to weigh those other reasons.
We therefore conclude that sufficient evidence supports appellant's conviction and that appellant's conviction is not against the weight of the evidence. Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGEMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] In the transcript of the bench trial, Holly DiMatteo is referred to as Polly DiMatteo, at times.
[2] R.C. 2919.25(C) states: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."