[Cite as *State v. Gregory*, 2023-Ohio-1700.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-10-070 |
| | : | O P I N I O N |
| - vs - | | 5/22/2023 |
| | : | |
| CURTIS L. GREGORY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2021 CRB 0005

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton , Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Curtis L. Gregory, appeals from his conviction of assault in the Clermont County Municipal Court. For the reasons outlined below, we affirm.

**Facts and Procedure**

{¶ 2} In December 2020, Leah Manis lived with her then-boyfriend at an apartment in Union Township. Manis has health issues which limit her mobility, so when her boyfriend was incarcerated that month, appellant moved in with Manis to assist her.

{¶ 3} On January 1, 2021—approximately three weeks after appellant had moved in—Manis was in her bedroom speaking via video call with her friend, Christine McFerrin. Appellant entered the room and asked if he could use her phone. She said he could, but would have to wait until she was finished with it. She testified that appellant "turned around and walked out" of the bedroom, "then turned back around and came back" into the room, "grabbed" her phone and punched her. Appellant then took the phone to the living room.

{¶ 4} Bracing herself against the wall with great difficulty, Manis followed appellant and tried to recover her phone. Appellant then "grabbed" her by the throat and "threw" her on the loveseat, where he "started punching" her and "holding" her neck, while also kicking her legs. Manis testified that she could not breathe as she struggled against appellant, who was holding her down. Appellant punched her in the face about six times while shouting obscenities at her.

{¶ 5} As the attack was ongoing, McFerrin, who was in Mount Vernon, Kentucky, remained on the video call and heard the commotion. Using another phone, she called the police and reported the attack on Manis. When appellant heard that police were being dispatched, he said, "I hope you die, you fucking bitch," before leaving. Union Township police officers arrived soon after appellant left. They took Manis's statement and a series of photographs of Manis's injuries. A warrant was issued for appellant's arrest, and appellant was arrested on September 13, 2022, over a year and a half later.

{¶ 6} A bench trial was held on October 4, 2022. Manis and responding officer, Derek Disbennett, testified on behalf of the state. Officer Disbennett testified that the department had received a call from "a third party caller" who "advised she was on a video or a FaceTime chat" with Manis and believed that Manis was being assaulted. Officer Disbennett and another officer responded to the call, finding Manis crying, having "redness around her eyes and on the side of her face," as well as "some red marks on her neck." She then gave a statement of the incident.

{¶ 7} There were some differences in Manis's account and Officer Disbennett's recollection of what Manis told him at the scene. At trial, Manis testified that appellant's punches broke her glasses and "knocked my teeth out." Officer Disbennett testified that Manis "did not make any claims to me about her teeth being knocked out," and in fact, told officers the entire incident had occurred in her bedroom rather than the living room.

{¶ 8} After closing arguments, the trial court made its findings from the bench. In addressing inconsistencies between Manis's testimony and Officer Disbennett's account, the trial court noted that "quite some time ha[d] passed" between the incident and the trial, and that "with that, memories fade." It continued, stating that "on the main points [Manis] remained consistent and her testimony was believable and credible to the court."

{¶ 9} The trial court found appellant guilty of assault, in violation of R.C. 2903.13, and sentenced him to 180 days in jail, the maximum sentence for the offense. Appellant timely appealed, raising a single assignment of error:

{¶ 10} THE TRIAL COURT ERRED IN ENTERING A VERDICT OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} In his sole assignment of error, appellant argues that his conviction for assault was against the manifest weight of the evidence. We disagree.

**Law and Analysis**

{¶ 12} Preliminarily, we note that although appellant has completed his sentence, this appeal is not thereby rendered moot. *See Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 23; *State v. Glisson*, 12th Dist. Clermont No. CA2020-11-064, 2021-Ohio-1985, ¶ 12.

{¶ 13} A manifest weight of the evidence challenge examines the inclination of the greater amount of credible evidence, at trial, to support one side over the other. *State v. Ruggles*, 12th Dist. Warren Nos. CA2019-05-038, CA2019-05-044, CA2019-05-045, and CA2019-05-046, 2020-Ohio-2886, ¶ 82. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Miller*, 12th Dist. Preble No. CA2019-11-010, 2021-Ohio-162, ¶ 13.

{¶ 14} While a manifest weight of the evidence review requires this court to evaluate credibility, the determination of witness credibility is primarily for the trier of fact to decide. *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 19. When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. Lowry*, 12th Dist. Warren Nos. CA2019-07-070 and CA2019-07-071, 2020-Ohio-1554, ¶ 15. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence

presented at trial weighs heavily in favor of acquittal. *State v. Ostermeyer*, 12th Dist. Preble No. CA2021-01-002, 2021-Ohio-3781, ¶ 35.

{¶ 15} Appellant challenges the trial court's decision on the basis of witness credibility. We therefore begin our analysis by noting that the decision whether to credit the testimony of particular witnesses, and to what extent, is within the peculiar competence of the factfinder, who has seen and heard the witness. *State v. Altman*, 12th Dist. Clermont No. CA2021-12-071, 2022-Ohio-2380, ¶ 15. It is well established that determinations regarding witness credibility, conflicting testimony, and the weight to be given such evidence are primarily for the trier of fact. *State v. Bedsole*, 12th Dist. Warren Nos. CA2021-09-089 and CA2021-09-090, 2022-Ohio-3693, ¶ 35. The trial court, as the trier of fact, is free to believe all, part, or none of the testimony of any witness who appears before it. *State v. Cephas*, 12th Dist. Butler No. CA2021-05-051, 2021-Ohio-4356, ¶ 13.

{¶ 16} Appellant argues that inconsistencies in the state's witnesses' testimony regarding the particular details of the incident undermines Manis's credibility. However, the trial court takes note of any inconsistencies in the witness' testimony and resolves them accordingly, believing all, part, or none of each witness's testimony. *State v. Schils*, 12th Dist. Clermont No. CA2019-08-067, 2020-Ohio-2883, ¶ 18. Inconsistencies in the evidence alone do not mean that a decision is against the manifest weight of the evidence. *State v. Deck*, 12th Dist. Warren No. CA2020-10-066, 2021-Ohio-3145, ¶ 21. Consequently, the trial court did not err in choosing to believe Manis's testimony in spite of its inconsistency with Officer Disbennett's testimony.

{¶ 17} In a bench trial, the trial court acts as the factfinder and determines both the credibility of the witnesses and the weight of the evidence. *Bedsole* at ¶ 35. Here, the trial court determined that "on the main points" of the incident, Manis had "remained consistent

- 5 -

and her testimony was believable and credible to the court." This, despite the trial court's observation of the considerable time which had passed between the incident and trial.

**Conclusion**

{¶ 18} Convictions are not against the manifest weight of the evidence simply because the trier of facts believed the state's witnesses over the defense. *State v. Ward*, 12th Dist. Preble No. CA2020-06-009, 2021-Ohio-4116, ¶ 34. In making its decision to believe the state's witnesses, the trial court did not lose its way or create a manifest miscarriage of justice. After reviewing the record, weighing inferences, and examining the credibility of the witnesses, we find that appellant's conviction for assault is not against the manifest weight of the evidence. As such, appellant's assignment of error is without merit and therefore overruled.

{¶ 19} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.