[Cite as *State v. Eads*, 2025-Ohio-2815.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                          :

    Appellee,                         :          CASE NO. CA2024-11-074

                                      :          <u>OPINION AND</u>
- vs -                                             <u>JUDGMENT ENTRY</u>
                                      :          8/11/2025

DERRICK L. EADS,                        :

    Appellant.                        :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR41211


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, and Joshua A. Engel, for appellant.


**O P I N I O N**


**PIPER, J.**

{¶ 1}  Appellant, Derrick L. Eads, appeals his conviction in the Warren County Court of Common Pleas after a jury found him guilty of one count of third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4). For the reasons outlined below, we affirm Eads' conviction.

**Facts and Procedural History**

{¶ 2} On December 18, 2023, the Warren County Grand Jury returned an 18-count indictment charging Eads with four counts of rape, four counts of sexual battery, nine counts of gross sexual imposition, and one count of disseminating matter harmful to juveniles. The charges arose after it was alleged Eads had sexually abused four young girls, T.C., K.E. E.E., and E.M., over a six-year period between 2014 and 2020. The three counts related to E.M. were later dismissed by the State.

{¶ 3} On September 18, 2024, the matter proceeded to a three-day jury trial on the remaining 15 counts levied against Eads. Those 15 remaining counts consisted of four counts of rape, four counts of sexual battery, and seven counts of gross sexual imposition. During that trial, the jury heard testimony from a variety of witnesses. This included testimony from the three alleged victims of those 15 remaining counts, T.C., K.E., and E.E. As part of this testimony, K.E. described an incident where Eads had used both his hands and his penis to touch her thighs at a time when she was less than 13 years of age.

{¶ 4} On September 20, 2024, the jury returned a verdict finding Eads guilty of just one of those remaining 15 counts, Count 13. As set forth in the indictment, Count 13 charged Eads with third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4). Specifically, as it relates to that charge, the bill of particulars alleged:

> That on or about 11/10/2015 thru 11/09/2019, and at the location of 7511 Somerset Dr., Mason, OH 45040, in a bedroom, Defendant, Derrick L. Eads, did have sexual contact with K.E., not his spouse, when K.E. was less than thirteen years of age, whether or not the offender knew the age of K.E. contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

{¶ 5} On November 6, 2024, the trial court held a sentencing hearing where it

sentenced Eads to serve 48 months in prison, less 365 days of jail-time credit. The trial court also ordered Eads to pay court costs, classified Eads as a Tier II sex offender/child victim offender, and notified Eads that, upon his release from prison, he would be subject to a mandatory five-year postrelease control term.

**Eads' Appeal and Single Assignment of Error**

{¶ 6} On November 12, 2024, Eads filed a notice of appeal. Following briefing, on July 3, 2025, Eads' appeal was submitted to this court for consideration. Eads' appeal now properly before this court for decision, Eads has raised one assignment of error for review. In his single assignment of error, Eads argues his conviction of Count 13, third-degree felony gross sexual imposition in violation of R.C. 2907.04(A)(4), was against the manifest weight of the evidence. We disagree.

*Manifest Weight Standard of Review*

{¶ 7} "'[A] manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion.'" *State v. Casey*, 2024-Ohio-689, ¶ 10 (12th Dist.), quoting *State v. Messenger*, 2022-Ohio-4562, ¶ 26. "To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 2020-Ohio-3762, ¶ 18 (12th Dist.), citing *State v. Wilks*, 2018-Ohio-1562, ¶ 168. This court will overturn a conviction on manifest-weight grounds "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 2020-Ohio-3835, ¶ 10 (12th Dist.). "This may occur only when there is unanimous disagreement with the jury's verdict." *State v. Palma*, 2025-Ohio-1318, ¶ 9.

*Gross Sexual Imposition in Violation of R.C. 2907.05(A)(4)*

{¶ 8} As noted above, Eads was convicted of Count 13, third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4). Pursuant to that statute, no person shall have "sexual contact" with a person less than 13 years of age. The term "sexual contact" is defined by R.C. 2907.01(B) to mean "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." "Whether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact." *State v. Williams*, 2013-Ohio-3410, ¶ 33 (12th Dist.). "If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *State v. Pence*, 2013-Ohio-1388, ¶ 78 (12th Dist.).

*Eads' Argument and Analysis*

{¶ 9} Eads does not dispute that the evidence presented at trial was sufficient to convict him of Count 13, third-degree felony gross sexual imposition in violation of R.C. 2907.04(A)(4). Eads instead argues the evidence presented at trial to support his conviction of Count 13, K.E.'s testimony, lacked credibility, thereby requiring his conviction be reversed as being against the manifest weight of the evidence. To support this claim, Eads points to several reasons why he believes K.E.'s testimony should be discredited. This includes the fact that K.E. never reported the alleged sexual abuse to doctors or therapists, that certain portions of K.E.'s testimony surrounding the alleged sexual abuse was inconsistent, and that K.E. had a "significant motive" to lie about Eads' sexually abusing her given the circumstances in which her allegations of sexual abuse came to light.

{¶ 10} However, while it may be reason for some to call into question K.E.'s credibility, the jury was made well aware that K.E. never reported the alleged sexual abuse to doctors or therapists at trial. *See, generally, State v. Jackson*, 2023-Ohio-3749, ¶ 25 (12th Dist.) (noting that "this type of blame shifting does not resonate with this court" where appellant argued his conviction for rape must be reversed because the victim "never explained why she failed to seek medical attention" or "adequately explained why she delayed contacting law enforcement"). The jury was also made aware of the inconsistencies in K.E.'s testimony surrounding the alleged sexual abuse. This is in addition to the jury being made well aware that K.E. had a significant motive to lie about the sexual abuse that Eads had perpetrated against her. The jury nevertheless chose to believe K.E.'s testimony related to the underlying facts giving rise to Count 13. This was well within the jury's purview as the trier of fact and ultimate factfinder. *State v. Ell*, 2023-Ohio-4583, ¶ 13 (12th Dist.). To the extent Eads claims otherwise, such argument lacks merit.

{¶ 11} In so holding, we note that "[i]nconsistencies in the evidence alone do not mean that a decision is against the manifest weight of the evidence." *State v. Gregory*, 2023-Ohio-1700, ¶ 16 (12th Dist.). We also note that, as the trier of fact, the jury was free to believe all, part, or none of the testimony offered by each of the witnesses who appeared before it. *State v. Spencer*, 2019-Ohio-2165, ¶ 27 (12th Dist.). This is because "the decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Bedsole*, 2022-Ohio-3693, ¶ 35 (12th Dist.). This includes the testimony offered from each of the three alleged victims who testified at trial, T.C., K.E., and E.E. More specifically, K.E.'s testimony describing an incident where Eads had used both his hands and his penis to touch her thighs at a time when she was less than 13 years of age.

{¶ 12} In reaching this decision, we note that, as is now well established, "[a] conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact or because the trier of fact believed the testimony of the state's witnesses." *State v. MacPhereson*, 2024-Ohio-5359, ¶ 21 (12th Dist.). This holds true even in cases where, as here, the defendant is tried and convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4). *See, e.g., State v. Jennings*, 2024-Ohio-383, ¶ 22-27 (12th Dist.) (appellant's conviction for gross sexual imposition in violation of R.C. 2907.05[A][4] was not against the manifest weight of the evidence where the jury found the victim's testimony "believable and that of appellant not believable"). Therefore, because a conviction is not against the manifest weight of the evidence simply because there is conflicting evidence before the jury or because the jury believed the testimony and evidence presented by the State, Eads' conviction for Count 13, third-degree felony gross sexual imposition, was not against the manifest weight of the evidence. Accordingly, Eads' single assignment of error lacks merit and is overruled.

## Conclusion

{¶ 13} For the reasons outlined above, and having now overruled Eads' single assignment of error, Eads' appeal challenging his conviction for Count 13, third-degree felony gross sexual imposition in violation of R.C. 2907.04(A)(4), is denied.

{¶ 14} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

- 7 -

## **J U D G M E N T   E N T R Y**

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge